Michael Sean Kelley v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-452-CR

MICHAEL SEAN KELLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Michael Sean Kelley of two counts of indecency with a child, charged in a single indictment, and assessed his punishment at twelve years’ confinement for each count.  The trial court sentenced him accordingly.  In one issue, Appellant contends that the trial court abused its discretion by denying his motion for mistrial after the prosecutor engaged in improper jury argument.  Because we hold that the trial court did not abuse its discretion, we affirm the trial court’s judgment.

During the guilt phase of the trial, evidence was admitted without objection regarding extraneous acts of misconduct by Appellant.  During the State’s closing argument the prosecutor said, “This case is not about other stuff.  But this case isn’t over yet.  We will have—when the right verdict is reached, we will hear more.  But for now, this case is about [the complainant].”  The trial court properly sustained Appellant’s objection and instructed the jury to disregard the patently improper jury argument but denied Appellant’s motion for mistrial.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.
(footnote: 2)  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, that is, “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.
(footnote: 3)  In determining whether the trial court abused its discretion by denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.
(footnote: 4)
 Having closely examined the record, we note that it is replete with evidence not only of the offenses alleged but also of Appellant’s extraneous acts of misconduct.  Additionally, during voir dire, both the State and the defense indicated that if the guilt phase resulted in a conviction, the jury might hear additional evidence at the punishment phase of the trial.  After examining the record as a whole and balancing the appropriate factors, we conclude that the State’s argument was not sufficiently egregious to defeat the presumed efficacy of the trial court’s instruction to disregard.  We overrule Appellant’s sole issue and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

3:
Id.
;
 see also Simpson v. State
, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied
, 542 U.S. 905 (2004).

4:
Hawkins
, 135 S.W.3d at 77; 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).